REDMANN, Judge Ad Hoc.
The Housing Authority of New Orleans, by proper judicial proceeding, expropriated the property of Randolph Simmons and deposited the adjudged amount of $3,500 in the Registry of the Civil District Court for the Parish of Orleans. Simmons filed a rule to distribute the amount so deposited, alleging that Ferdinand Spiro held a mortgage note on the property on which the amount due was $1,299.63, which should be ordered paid and that the balance of the deposit be paid over to mover, Randolph Simmons.
Spiro answered the rule, claiming that the amount due on the mortgage note was $1,545.40, plus ten per cent or $154.50 as attorney’s fees.
In the course of the hearing on the rule to distribute Spiro, through his counsel, filed a revised calculation omitting a charge of $49.50 for an insurance premium and correcting interest calculations, showing the total amount to be $1,461.73.
Plaintiff in rule submitted a computation made by a certified public accountant showing the balance due to be $1,467.69. Counsel agreed that the amount due in principal and interest should be fixed at $1,461.73 and that the only matter left in dispute was whether *350 Spiro, the note holder, was additionally entitled to ten per cent on that amount as attorney’s fees.
From a judgment fixing the amount as agreed upon, namely, $1,461.73, plus $147.17, representing ten per cent attorney’s fees, plaintiff in rule prosecutes this appeal.
The note is dated August 16th, 1947, is for the sum of $1,290.28, payable in consecutive monthly installments of $12 per month, commencing September 16th, 1947, and provides that failure to pay any installment when due will immediately mature the note for its entire balance. The note bears interest from date at the rate of eight per cent per annum and provides, inter alia:
“In case legal proceedings are instituted for the recovery of the amount of said notes, or any of them, or any part thereof, or any interest thereon, or counsel is employed to enforce the collection of said notes, or any of them, or any part thereof, or any interest thereon, or to protect the rights of the holder or holders of said notes, the said mortgagor binds and obligates himself to pay the fees of the attorney at law who is employed for that purpose, which fees are hereby fixed at ten per centum on the amount unpaid.”
The monthly payments were not made with any regularity and by October of 1953, seventeen payments had not been made, the most recent payment having been made on February 11th, 1952.
Mr. Spiro testified that he had placed the note with his attorney, Mr. Gerson Z. Tol-mas, in October, 1952. Mr. Tolmas testified to the same effect, and further that, on October 9th, 1952, he wrote the note debtor a demand letter setting forth the amount due and stating “there is also due ten per cent attorney’s fees on the amount due thereon.” He identified a copy of this letter which was filed in the record. Simmons denied that he ever received the letter or any other demand for payment.
It is argued that no attorney’s fees are due for the reason that the note was not placed with an attorney fpr collection until after the amount of the award was available for its payment. On this factual issue there is a direct conflict of testimony between Messrs. Spiro and Tolmas on the one side and one witness for the appellant. The issue presented is therefore solely a factual one and the evidence preponderates in favor of the conclusion reached by the trial court. We have carefully reviewed the record and find no reversible error.
The judgment is affirmed at appellant’s cost.
Affirmed.